IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-57397 |
| | ) | |
| CHESTER WAYNE COULTER, | ) | Chapter 7 |
| | ) | |
| .                           Debtor. | ) | Judge Preston |
| | ) | |
| _____ | ) | |

## MOTION TO DETERMINE EXCESSIVENESS OF ATTORNEY FEES PURSUANT TO 11 U.S.C. § 329(b)

      The Office of the United States Trustee ("UST") hereby moves this Court for an Order determining that attorney Pamela Irene Theodotou ("Theodotou") requested attorney fees in this case are unreasonably excessive pursuant to 11 U.S.C. § 329(b).  A Memorandum of Points and Authorities is attached hereto and incorporated herein.

Dated: July 29, 2010         OFFICE OF THE UNITED STATES TRUSTEE

                                    Daniel M. McDermott
                                    United States Trustee
                                    Region 9

                            By:    <u>Pamela Arndt Rice</u>
                                    Pamela Arndt Rice
                                    Attorney for the U.S. Trustee
                                    170 N. High Street, Suite 200
                                    Columbus, OH 43215
                                    Telephone:  (614) 469-7411 ext. 225
                                    Facsimile:  (614) 469-7448
                                    E-mail:  Pamela D. Rice@usdoj.gov

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The UST's objection is made pursuant to § 329. The UST asserts that the fees requested by Theodotou are not reasonable compensation for the services rendered in this case.

**II.  SUMMARY OF FACTS**

Debtor, Chester Wayne Coulter ("Debtor"), filed a Chapter 7 bankruptcy on June 19, 2010.  However, Debtor's prerequisite credit counseling from an approved agency was not completed until June 20, 2010.  Theodotou either knew, or should have known, that Debtor in the instant filing was not eligible to be a debtor in bankruptcy without having first completed the prerequisite credit counseling from an approved agency.  Theodoutou had the obligation to assure her client was eligible to be a debtor under the provisions of the United States Bankruptcy Code prior to the filing.  According to the Disclosure of Compensation of Attorney for Debtor Statement ("Statement") filed in this case, Debtor has agreed to pay Attorney Theodotou the sum of $899.  Further, the Statement indicates that the fee does *not* include representation at the Meeting of Creditors.

**III.  LEGAL ANALYSIS**

11 U.S.C. § 329(b) allows the bankruptcy court to review fee arrangements and fees received by bankruptcy practitioners in bankruptcy cases.  Section 329(b) provides that if, "such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive to…the entity that made such payment."  Section 329(b)'s examination is considered under a "reasonableness" standard.  Thus, any payment or agreement considered pursuant to § 329(b) is valid only to the extent it is deemed "reasonable" by the court.  What constitutes a "reasonable" fee or fee agreement is a question of fact to be determined by the particular factual circumstances of each case.[1]

---

[1] *See, In re Diamond Mortgage Corp. of Illinois*, 135 B.R. 78 (Bankr. N.D. Ill. 1990)*; In re Wittman Eng'g & Mfg. Co. Inc.*, 66 B.R. 488 (Bankr. N.D. Ill. 1986); *In re Buchanan*, 66 F.2d 416 (2d Cir.), cert denied, 290 U.S. 682, 54 S.Ct. 120, 78 L.Ed. 588 (1933).

## IV.  CONCLUSION

In summary, Debtor in the subject filing was not eligible to be a debtor in a bankruptcy case because he had not yet completed the prerequisite credit counseling from an approved agency prior to the filing date.  Theodoutou, under her ECF credentials, filed the subject Chapter 7 case knowing, or with due knowledge, that Debtor was not eligible to be a debtor due to the lack of prerequisite credit counseling.

WHEREFORE, the UST requests that, pursuant to 11 U.S.C. § 329(b), Theodotou's full fee be disgorged and returned to the Debtor, or the fee agreement be cancelled.  In addition, any of the Clerk's filing fees paid by Debtor, to date, should be ordered recompensed by Theodotou to Debtor directly.  Finally, for any other such punitive recompense that this Honorable Court deems just and appropriate.


Dated:  July 29, 2010                     OFFICE OF THE UNITED STATES TRUSTEE

                                                           Daniel M. McDermott
                                                           United States Trustee
                                                           Region 9

                                                      By:     /s/ Pamela Arndt Rice
                                                                Pamela Arndt Rice
                                                               Attorney for the U.S. Trustee
                                                               170 North High Street, Suite 200
                                                               Columbus, OH 43215
                                                               Telephone:  (614) 469-7411  ext. 225
                                                               Facsimile:  (614) 469-7448
                                                              E-mail:  Pamela.D.Rice@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on July 29, 2010, a copy of the foregoing MOTION TO DETERMINE EXCESSIVENESS OF ATTORNEY FEES PURSUANT TO 11 U.S.C. § 329(b) was served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Pamela Arndt Rice, pamela.d.rice@usdoj.gov

Larry J. McClatchey, rkelley@keglerbrown.com, lmcclatchey@ecf.epiqsystems.com

Pamela Irene Theodotou, pam.theodotou@gmail.com

And on the following by ordinary U.S. Mail addressed to:

Chester Wayne Coulter
228 N. Wing Street
Newark, OH 43055

Pamela Irene Theodotou, Esq.
4449 Easton Way, 2nd Floor
Columbus, OH 43219

Pamela Irene Theodotou, Esq.
2108 Palouse Drive
London, OH 43140

Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, Fl 33131

                                                              /s/ Pamela Arndt Rice
                                                                Pamela Arndt Rice, Esq.